# In the
# United States Court of Appeals
## For the Eleventh Circuit

_____

No. 21-12835

_____

APPLE INC.,

                Plaintiff-Counter Defendant-Appellant,

*versus*

CORELLIUM, INC.,

                Defendant- Counter Claimant-Appellee.

_____

Appeal from the United States District Court
for the Southern District of Florida
D.C. Docket No. 9:19-cv-81160-RS

_____

ON PETITION FOR REHEARING AND PETITION FOR REHEARING EN BANC

Before BRANCH and LUCK, Circuit Judges, and SANDS,[*] District Judge.

PER CURIAM:

On May 8, 2023, in a thirty-eight page opinion, we partly affirmed and partly reversed the district court's summary judgment for Corellium, Inc. on its fair use defense. Ten days later, the Supreme Court decided *Andy Warhol Foundation for the Visual Arts, Inc. v. Goldsmith*, 143 S. Ct. 1258 (2023). Apple Inc. petitions for rehearing because, it argues, our decision conflicts with the Supreme Court's *Warhol* opinion.

At oral argument, we asked Apple about the *Warhol* case. "The primary issue in that case," counsel said, "I don't think has much bearing here." Having carefully reviewed the Supreme Court's *Warhol* opinion, we agree. *Warhol* does not change our conclusion as to the first fair use factor that Corellium's product, CORSEC, was moderately transformative, and the opinion does not alter our balance of the four factors that they weigh in favor of fair use. Apple's petition for panel rehearing is therefore DENIED. And its petition for rehearing en banc is DENIED, no judge in regular active service on the Court having requested that the Court be polled on rehearing en banc.

---

[*] Honorable W. Louis Sands, United States District Judge for the Middle District of Georgia, sitting by designation.